

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
October 4, 2021 09:36 PM
     AFTAB PUREVAL
    Clerk of Courts
  Hamilton County, Ohio
 CONFIRMATION 1115890
```

**PATRICIA NAPIER**  **A 2103467**

**vs.**
**LIVANOVA DEUTSCHLAND GMBH**

**FILING TYPE: INITIAL FILING (OUT OF COUNTY) WITH JURY DEMAND**

**PAGES FILED: 7**

EFR200


VERIFY RECORD

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **PATRICIA NAPIER, AS THE EXECUTOR OF THE ESTATE OF MICHAEL NAPIER AND AS THE PERSONAL REPRESENTATIVE OF MICHAEL NAPIER, DECEASED** 570 N. Nixon Camp Rd. Oregonia, OH 45054 | : : : : : : : : : | **CASE NO.:** _____ **JUDGE:** _____ **COMPLAINT WITH JURY DEMAND** |
| Plaintiff, | : | |
| v. | : : | |
| **LIVANOVA DEUTSCHLAND GMBH (f/k/a SORIN GROUP DEUTSCHLAND GMBH)** Lindberghstrasse 25 Muenchen, 80939, Germany | : : : : : : : | |
| and | : : | |
| **LIVANOVA USA, INC.** c/o Universal Registered Agents, Inc., Statutory Agent 3958-D Brown Park Drive Hilliard, Ohio 43026 | : : : : : : | |
| and | : : | |
| **LIVANOVA HOLDING USA, INC.** c/o Universal Registered Agents, Inc., Statutory Agent 3958-D Brown Park Drive Hilliard, Ohio 43026 | : : : : : : | |
| and | : : | |
| **TRIHEALTH, INC.** c/o OSAC, Inc., agent 100 S. Third Street Columbus, Ohio 43215 | : : : : : : | |
| and | : : : | |

| | |
|---|---|
| **BETHESDA HOSPITAL, INC.** | : |
| c/o OSAC, Inc., agent | : |
| 100 S. Third Street | : |
| **Columbus, Ohio 43215** | : |
| | : |
| **Defendants.** | : |

## PARTIES, VENUE AND JURISDICTION

Plaintiff, Patricia Napier, as the Executor of the Estate of Michael Napier and as the personal representative of Michael Napier, deceased, for her Complaint against Defendants, states and alleges as follows:

1. Plaintiff Patricia Napier is the Executor of the Estate of Michael Napier, who died in Warren County in 2019 and whose estate is in the Probate Court of Warren County, Ohio. Plaintiff is also the personal representative of Michael Napier, deceased, pursuant to O.R.C. § 2125.02(A)(1).

2. Defendant LivaNova Deutschland GmbH (f/k/a Sorin Deutschland GmbH) is a foreign for-profit corporation headquartered in Munich, Germany.  It designed, manufactured and marketed the Stockert 3t Heater-Cooler System.

3. Defendant LivaNova Holding USA, Inc. (f/k/a Sorin Group USA, Inc.) is a U.S. designer, manufacturer, marketer and distributor of the Stockert 3T Heater-Cooler System with a principal place of business in Arvada, Colorado.

4. Defendant LivaNova USA, Inc. (f/k/a Cyberonics, Inc.) is a U.S. designer, manufacturer, marketer and distributor of the Stockert 3T Heater-Cooler System with a principal place of business in Houston, Texas.

5. Defendant TriHealth, Inc. is an Ohio corporation with its principal place of business in Hamilton County, Ohio.  It is a supplier of the Stockert 3T Heater-Cooler System.

6. Defendant Bethesda Hospital, Inc. is an Ohio corporation with its principal place of business in Hamilton County, Ohio. It is a supplier of the Stockert 3T Heater-Cooler System.

7. Michael Napier's injuries occurred in Hamilton County, Ohio. Venue is proper in this Court.

8. This Court has personal jurisdiction over Plaintiff and Defendants.

9. This Court has subject matter jurisdiction over this matter as it involves a civil dispute and Plaintiff's claims exceed the minimum jurisdiction of this Court.

## BACKGROUND

10. Michael Napier underwent heart surgery at Bethesda North Hospital in November 2016.

11. During his heart surgery, Michael Napier was exposed to bacteria from equipment in the surgical suite. Specifically, Michael Napier was exposed to mycobacterium chimaera from a Stockert 3T Heater-Cooler System used in the surgical suite.

12. The heater-cooler unit in the surgical suite was manufactured and sold by the Defendants LivaNova Deutschland GmbH, LivaNova Holding USA, Inc., and LivaNova USA, Inc. (the "LivaNova Defendants").

13. The heater-cooler unit in the surgical suite was installed, maintained and repaired by Defendants TriHealth, Inc. and Bethesda Hospital, Inc. and the LivaNova Defendants.

14. The heater-cooler unit was defectively designed, manufactured, installed, maintained and repaired. These defects caused the heater-cooler unit to have bacteria escape the unit which was harmful and deadly to patients undergoing surgery where the heater-cooler unit was used.

3

15. As a result of his exposure to bacteria from the heater-cooler unit, Michael Napier developed an infection in his body. This infection caused Michael Napier's death.

16. Defendants knew that Michael Napier was at a risk of developing a severe, fatal infection as a result of being exposed to this bacteria.

17. Despite this knowledge, Defendants failed to warn Michael Napier of the risk of being exposed to bacteria during surgery.

18. After Michael Napier's death, Plaintiff was informed that Michael Napier had been exposed to the bacteria.

## CLAIM ONE – PRODUCT LIABILITY – DESIGN DEFECT BY LIVANOVA DEFENDANTS

19. The LivaNova Defendants improperly and defectively designed the heater-cooler units.

20. This claim is being brought pursuant to R.C. 2307.75.

21. It was foreseeable when the heater-cooler units left the hands of the LivaNova Defendants that the units would cause harm, or they were more dangerous than the ordinary consumer would expect.

22. As a proximate result of the improper and defective design of the heater-cooler units, Michael Napier was caused injury and death.

## CLAIM TWO – PRODUCT LIABILITY – MANUFACTURING DEFECT BY LIVANOVA DEFENDANTS

23. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 22 as if fully restated here.

24. The LivaNova Defendants improperly and defectively manufactured the heater-cooler units.

25. This claim is being brought pursuant to R.C. 2307.74.

26. The heater-cooler units were defective in their manufacture LivaNova Defendants as they deviated from their product specifications and performance standards, thereby creating the risk of harm to consumers.

27. As a proximate result of the improper and defective manufacture of the heater-cooler units, Michael Napier was caused injury and death.

### CLAIM THREE – PRODUCT LIABILITY – FAILURE TO WARN

28. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 27 as if fully restated here.

29. The LivaNova Defendants were aware of the defects and dangers of the heater-cooler units, specifically the possibility of infections in patients exposed to the heater-cooler units while undergoing cardiac surgery.

30. This claim is being brought pursuant to R.C. 2307.76.

31. The LivaNova Defendants failed to warn Michael Napier of the dangers of the heater-cooler units in a manner that a reasonable manufacturer or supplier would have done.

32. As a proximate result of the failure to wan Michael Napier of the defects and dangers of the heater-cooler units, Michael Napier was caused injury and death.

### CLAIM FOUR – PRODUCT LIABILITY – FAILURE TO CONFORM TO REPRESENTATIONS

33. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 32 as if fully restated here.

5

34. The LivaNova Defendants represented that the heater-cooler units were safe and effective for use in operating rooms.

35. This claim is being brought pursuant to R.C. 2307.77.

36. The heater-cooler units did not conform to the representations made by the LivaNova Defendants.

37. As a proximate result of the failure of the heater-cooler units to conform to the representations of the LivaNova Defendants, Michael Napier was caused injury and death.

### CLAIM FIVE – PRODUCT LIABILITY – NEGLIGENCE

38. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 37 as if fully restated here.

39. The LivaNova Defendants were negligent as manufacturers and suppliers of the heater-cooler units.

40. Defendants TriHealth, Inc. and Bethesda Hospital, Inc. were negligent as suppliers of the heater-cooler units.

41. This claim is being brought pursuant to R.C. 2307.78.

42. The negligence of the Defendants allowed deadly bacteria to escape from the heater-cooler units and infect Michael Napier.

43. The negligence of Defendants was the proximate cause of Michael Napier's injury and death.

### CLAIM SIX – WRONGFUL DEATH

44. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 43 as if fully restated here.

6

45. Defendants' negligence described in Claim One above caused Michael Napier's death.

46. Plaintiff is entitled to recover damages for Michael Napier's death under R.C. 2125.01, et seq., Ohio's wrongful death statute, from Defendants.

**CLAIM SEVEN – PUNITIVE DAMAGES AGAINST DEFENDANTS**

47. Plaintiff restates and realleges Paragraphs 1 through 46 of her Complaint as if fully restated herein.

48. Defendants acted with malice and in conscious disregard for Michael Napier.

49. Plaintiff is entitled to punitive damages against Defendants.

50. Plaintiff is entitled to recover her attorney's fees and expenses against Defendants.

WHEREFORE, Plaintiff, for her Complaint against Defendants, prays for relief in an amount in excess of the minimum jurisdictional limits of this Court on all her claims, punitive damages, attorney's fees, and expenses incurred herein, and any and all further relief as this Court deems just and proper.

Respectfully submitted,

THOMAS LAW OFFICES PLLC

/s/ Louis C. Schneider
Louis C. Schneider (0076588)
Attorney for Plaintiff
250 East Fifth Street, Suite 440
Cincinnati, Ohio 45202
Telephone: (513) 360-6480
Facsimile: (502) 495-3943
lou.schneider@thomaslawoffices.com

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

/s/ Louis C. Schneider
Louis C. Schneider, Esq.